IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ROGER CHARLES LANIER, #220079     *

    Plaintiff,     *

    v.     *     2:06-CV-343-MEF
                                                (WO)

GOVERNOR BOB RILEY, *et al.*,     *

    Defendants.     *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 17, 2006 the court granted Plaintiff fifteen days to file with the Clerk of the Court either the $350.00 filing fee or a motion for leave to proceed *in forma pauperis* accompanied by an affidavit in support thereof. (Doc. No. 3.) Plaintiff was cautioned that his failure to comply with the April 17 order would result in a Recommendation that his complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not provided the court with either the filing fee or a motion for leave to proceed *in forma pauperis*. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the order of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to comply with the order of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the

Recommendation on or before **May 17, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5th day of May 2006.

                    **/s/ Delores R. Boyd**
                    DELORES R. BOYD
                    UNITED STATES MAGISTRATE JUDGE